# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

LADONNA MILLER                                                                                            PLAINTIFF

v.                                                 CIVIL ACTION NO. 1:17CV-82-GNS

SALEENA GREER et al.                                                                   DEFENDANTS

## MEMORANDUM OPINION

On May 1, 2017, Plaintiff filed a *pro se* civil action (DN 1). Plaintiff did not pay the filing fee for this action, but instead filed a non-prisoner application to proceed without prepayment of fees (DN 3). On June 7, 2017, the Court entered an Order granting Plaintiff's application to proceed without prepayment of fees (DN 4). The Order granting Plaintiff's application to proceed without prepayment of fees was mailed to Plaintiff at her address of record at the time. The Order was returned to the Court (DN 6) marked "Return to Sender, Attempted-Not Known, Unable to Forward." On the same date that the Order was returned to the Court, Plaintiff filed a notice of change of address with the Court (DN 5). The Order granting Plaintiff's application to proceed without prepayment of fees was re-sent to Plaintiff at the new address that she provided to the Court. The Order was again returned to the Court (DN 7) marked "Unable to Forward/For Review."

Upon the action being filed in this Court, Plaintiff assumed the responsibility to keep this Court advised of her current address and to actively litigate her claims. *See* Local Rule 5.2(e) ("All pro se litigants must provide written notice of a change of residential address, and, if different, mailing address, to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Because Plaintiff has not provided any notice of another

address change to the Court, neither orders or notices from this Court nor filings by Defendants can be served on her.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Review of the docket reveals that over two months have passed without Plaintiff providing any notice of an address change. Because Plaintiff has failed to provide an updated address to the Court and an Order sent to Plaintiff by this Court has been returned, the Court concludes that Plaintiff has failed to comply with Local Rule 5.2(e), has abandoned any interest in prosecuting this action, and that dismissal is warranted. *See, e.g.*, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) ("[Plaintiff's] complaint was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address."); *Hananiah v. Shelby Cty. Gov't*, No. 12-3074-JDT-TMP, 2015 WL 52089, at *3 (W.D. Tenn. Jan. 2, 2015) ("Without such basic information as a plaintiff's current address, courts have no recourse but to dismiss a complaint for failure to prosecute.").

Therefore, the Court will enter a separate Order consistent with this Memorandum Opinion.

Date: September 7, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
4416.003